IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DERRICK BOWMAN                                                                                    PLAINTIFF
ADC #111849

V.                                        NO. 1:05CV00032 GH/JWC

SGT. VANDEMON                                                                                   DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Plaintiff is a pro se inmate currently confined to the Grimes Unit of the Arkansas Department of Correction. On May 4, 2005, he filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff subsequently submitted the proper financial information in compliance with § 1915(a)'s requirements (docket entry #4); accordingly, in forma pauperis status was granted.

According to Plaintiff's complaint (docket entry #2), Defendant came into his barracks and for no other reason but to harass Plaintiff and with complete disregard for procedures and policy, confiscated his personal property (a pair of sneakers he had left out to dry). Plaintiff further asserts that Defendant failed to document the removal and disposition of same and that the sneakers have never been found and returned to him.

After granting Plaintiff in forma pauperis status (docket entry #5), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or

malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. Id. § 1915A.

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

## III. Analysis

Plaintiff appears to be arguing that his Fourteenth Amendment right to due process has been violated. To the extent that Plaintiff is alleging the denial of a property interest,

relief by this Court is foreclosed. The law is clear that an adequate post-deprivation state remedy satisfies due process requirements, and relief under § 1983 is therefore unavailable to a plaintiff challenging the "random and unauthorized" conduct of a state employee involving the deprivation of his property. See Parratt v. Taylor, 451 U.S. 527, 541-44 (1981) overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 328 (1986) (mere lack of due care by a state official does not "deprive" an individual of life, liberty, or property; "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); Reese v. Kennedy, 865 F.2d 186, 187 (8th Cir. 1989). This holding applies to both negligent and intentional deprivations of property. Hudson v. Palmer, 468 U.S. 517, 533 (1987). ARK. CODE ANN. § 19-10-204 (2004) provides that "the Arkansas State Claims Commission shall have exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments, and institutions . . . ." The Commission procedures provide an "adequate" post-deprivation remedy that meets constitutional standards. See Steffen v. Housewright, 665 F.2d 245, 247 (8th Cir. 1981); Light v. Blackwell, 472 F. Supp. 333, 336 (E.D. Ark. 1979), aff'd, 620 F.2d 307 (8th Cir. 1980); see also Fireman's Ins. Co. v. Arkansas State Claims Comm'n, 784 S.W.2d 771, 773-75 (1990). Therefore, any claim Plaintiff makes for a wrongful deprivation of his property is not properly before this Court and must be dismissed.[1]

## IV. Conclusion

For the reasons explained herein, IT IS, THEREFORE, RECOMMENDED that:

---

[1] It is clear from the evidence Plaintiff has attached to his complaint that the Commission has already adjudicated his claim; therefore, an adequate post-deprivation remedy has been provided.

1. Plaintiff's case should be DISMISSED in its entirety WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.

2. Any pending motions should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that AN IN FORMA PAUPERIS APPEAL from any order adopting these recommendations, and any judgment entered thereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

4. This dismissal should count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 7th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.